Case No. 23-58-21, USA v. Deandre Swain Case No. 23-58-37, USA v. Juan McDowell 100 minutes left to exceed, 15 minutes per side Mr. Sharp, you may proceed for the appellate Thank you Before you begin, Mr. Sharp, did you reserve any rebuttal time? I'm sorry, Your Honor Did you reserve any rebuttal time? Yes, Your Honor. With the court's permission, I'd like to reserve three minutes for rebuttal May it please the court, counsel Your Honor, these appeals present two issues First, does the public's First Amendment right of access attached to certain plea and sentencing related documents filed with the court that reference whether or not the criminal defendant has entered into a cooperation agreement with the government and received a sentencing benefit for doing so Second, if so, whether that right of access bars district courts from imposing a blanket sealing mandate to obscure from public inspection those records Specifically, the Western District of Kentucky has adopted its General Order 2010-06 which requires in all criminal cases resolved by way of plea agreement that the parties file what's titled a plea supplement The plea supplement contains the fact of whether or not the criminal defendant has entered into a cooperation agreement By operation of the General Order all plea supplements must also be filed under seal There are no exceptions This mandatory sealing policy applies irrespective of the contents of the plea supplement irrespective of the actual risk of harm posed by its disclosure irrespective of the passage of time since it was actually filed with the court Similarly, in the McDowell appeal Tawana McDowell is the criminal defendant in federal court My client, Mr. Smithers, sought to intervene and unseal his plea supplement and statement of reasons that had been entered in that case three years prior The same General Order that was used to seal the statement of reasons in the first instance was also invoked by the court to deny my client's motion to unseal without engaging in a case-specific analysis Well, I'd like to ask you some questions to start about standing So, if you were a client do you agree that a general member of the public so not somebody in your client's position who wants this information for purposes of a criminal trial but a general member of the public would not have standing to get the cooperation agreements I don't agree, Your Honor You don't agree? You think everybody in the universe I think the case law is such if there can be a downstream consequence or an adverse So, you have to show a downstream consequence I am just assuming the man on the street is just like Oh, I'd like to know I'd like to know whether Mr. McDowell is a cooperator Just as the public has the same The contours of the line are the same for the public as it is for the press There's plenty of legitimate reasons why individuals would be interested in this information not the least of which is to monitor the conduct of prosecutors and judges in the administration of the books And you think that I mean, that's interesting because that's not what I thought That's not what I thought you were going to say So, you think that your client's standing Your client would have standing just as an interested member of the public who wanted to know what kind of cooperation agreements are being handed out what kind of downward departures are being given It's not tied to your client's special need Your Honor, I recognize that some of the language in the briefing may suggest that my clients have a higher right of access than perhaps the average public I think it's probably on further analysis of the case law coextensive But my clients specifically can establish the adverse impact or downstream consequence even if the general public just curious in the operation of the justice system does not And that's because your client if there were a cooperation agreement your client would like to use it to impeach the credibility of the witness at trial Potentially, or to pursue other avenues of investigation You'll get that information You'll get it under Brady or you could get it under Pennsylvania v. Ritchie Your Honor, I'm in state court My clients are in state court Information that's sealed in federal court is not available to the Assistant Commonwealth Attorney in state court Well, that would only be true if the federal witness made an agreement that he was going to testify in this state proceeding and the federal prosecutor didn't share that information with the state prosecutor which seems a little odd because how is the state prosecutor going to call that? That just doesn't make sense And make no mistake, Your Honor We do not condition the downstream consequence on that there being an agreement to testify in connection with our cases Quite the contrary In fact, in Tuan McDowell's case that plea supplement and statement of reasons was entered almost three years before we sought it There's no conceivable way in which it could be part and parcel of an agreement to testify against my client So wait a minute So now you're saying you want the What do you want the information for? Not to cross-examine Mr. McDowell and say Oh, you know, did you receive anything? Just as clients with means would exhaust all avenues of investigation for potential witnesses against them at trial so too my clients Witnesses in both of their cases are federal convicts There are sealed documents in those cases Kentucky has a wide-open cross-examination rule I cannot What does wide-open cross-examination mean? If I can establish admissibility I'm not confined by the scope of the direct But even if the scope of the direct I cannot anticipate what these individuals will say on direct examination Even if this information might otherwise be inadmissible they could open the door to it and render it admissible at trial I don't have the opportunity to pose them pre-trial So this information is even if not admissible it's certainly within my client's interest to I'm sorry Could you give us kind of an example that's based on a real situation you have had where there would be something in the federal sealed document that your client would need to have? Yeah, I confess these are the first two motions I have sought to unseal plea supplements What are they based on in terms of just practicalities? Are they based on something your client has I'm not asking you to disclose what your client said to you but information you received from your client or Conducting a routine background investigation of witnesses likely to testify at trial Both of these individuals were identified as having felony convictions We followed And presumably they have some connection between their conduct and your client's I mean they're not just random people you picked out are they? They're named witnesses and or victim in the two criminal cases Okay There's no allegation that my clients are connected to the federal convictions of these witnesses But they've been I thought you just told me Maybe I misunderstood it They've been listed as witnesses The individuals whose materials are sealed have been listed as witnesses in cases involving the individuals you represent That's correct, in state court The convictions of these individuals are in federal court for unrelated conduct But you're investing the individuals who've been named as witnesses And in the course of doing that you ascertain that they had federal convictions and sealed agreements That's correct Okay Yeah and I wanted to ask So under state evidentiary rules You say they're wide open but Wouldn't you have the right to ask and get an answer as of the witness if they appear Whether or not they have a cooperation agreement with the government Can you ask that under state under the state evidentiary rules Subject to any rulings on admissibility or relevance that the trial court would make Right But we're involved in pre-trial investigation I mean I don't think you're So part of your beef here is that you don't find out before the trial that they're a cooperating witness But you don't You're not arguing that you wouldn't have the ability at the trial itself to ask the witness whether they're a cooperating witness and find out at that point It would depend on the trial court in terms of pre-trial ruling but it would be out of contention that it would be fair game but In fact under the confrontation clause of the sixth amendment perhaps you have a constitutional right to get that information at that point when you're cross-examining them at trial Correct but my plan is also I'm just trying to narrow what the downstream effect here is I think you're arguing your downstream effect is that you don't get the information before trial not that you don't get the information at all because you could get it ultimately through cross-examination I disagree I think the downstream effect A, does relate to trial examination but downstream effect also relates to pre-trial investigation Alright but are you familiar with the case called Gonzalo vs. Ritchie? It's been a while Yeah okay so it's I'll give you the summary if I can pull it out of my brain but it's from it's from the Supreme Court in the mid-80s and there was a witness there was a father who was accused of sexually assaulting his child the child had been interviewed by the Department of Children and Youth Services in Pennsylvania she'd given some statements to a social worker the father was on trial he wanted access to the CYS files in advance because he said well she might have said something exculpatory or maybe the counselor said something exculpatory and Supreme Court of the United States says that's Brady so you can have a right to have the judge examine that CYS file in chambers and make a determination I mean that seems like what you want and the Supreme Court has said you're trying to bring that under the Confrontation Clause you can't do that you've got to bring that under Brady so why should we let you bring the same claim under the First Amendment? I don't Your Honor if the district courts below had done a case specific analysis we likely wouldn't be here but they didn't do that they relied on a general blanket prohibition on unsealing this material that is the but maybe you should have brought a different motion maybe you should have brought a motion a Pennsylvania v. Ritchie motion not a First Amendment motion Your Honor we made a motion to unseal based on challenging the constitutionality of the general order itself but also as applied in so far as asserting various case specific reasons why my clients were entitled to this information the district courts refused to entertain that in so far as they relied upon the general blanket prohibition on sealing these materials let me ask you I think you're arguing that there needs to be a case by case determination of whether or not the police supplements would be subject to being sealed is that your position? or are you saying just that all police supplements should always be available? I see I'm out of time may I respond? Yes Your Honor it's our position that yes the First Amendment right attaches to both police supplements and the statements of reason the Western Districts of Kentucky's general order it flatly fails to comply with the relevant First Amendment exacting scrutiny required it doesn't presume openness as to the documents it doesn't conduct a case specific analysis of the countervailing interest and it imposed the burden on openness on the proponent seeking access so I guess my question is are you arguing there needs to be a case specific analysis in order to seal a police supplement? Yes or are you saying there should never be any police supplements that should be sealed? I think sealing police supplements are just like sealing any other court document police supplements in this context the First Amendment when the First Amendment right attaches they are presumed open to the public My question is are you acknowledging there could be an instance where someone could seal even under your standard? On these facts no Now I'm talking about this case I'm talking about in the aggregate is there ever an instance you believe that might be appropriate to seal a police supplement? In the Western District of Kentucky no and the reason why I'm not talking about the current rule I'm talking about your proposed decision I understand I'm looking at specific reasons that the District Court needs to articulate those I understand Under that standard could you say there could be a situation where a police supplement could be sealed? Respectfully the answer is no So you're saying it's a blanket all police supplements should be open In the Western District they only contain one fact whether or not the defendant has cooperated There's nothing about the content or nature of the supplement So your position is that everyone should know whether someone has cooperated with the government and there should never be any case where you conceal I mean without identifying a specific hypothetical I would imagine that the government would assert in various contexts that a specific police supplement should be under seal but absent specific factors specifically taking into account the countervailing interest in openness it's impossible to say Okay Thank you Good May it please the Court Amanda Gregory of the United States The First Amendment right of access is determined by the experience and logic test and here in the Sixth Circuit that is a two prong test both prongs have to be met and when the Sixth Circuit has looked at documents to determine whether the First Amendment right of access applies they look at the document itself they don't just look at the proceeding that the document is related to Can I stop you for a minute? I'm sorry but you just said here in the Sixth Circuit it's a two prong test experience and logic Is it not a two prong test somewhere else? I just want to know if we're out of stack I would say Press Enterprises states it as a two prong test experience and logic I do recall coming across a Ninth Circuit case that seemed to say that if the logic prong was met even without the experience test then that would be sufficient but Oh, really? Okay Because that seems not like what Press Enterprises said but you agree with me on that Yes, and I think that in the Mourning Song third pre-litigation in the search of fair finance in the Sixth Circuit I think both of those are clear that it is a two prong test both prongs must be met Here neither the plea supplements nor the statements of reasons meet either prong of those tests and as such they should not all under the First Amendment right of access Starting with the logic aspect of the test as Intervenors Council just stated in the Western District of Kentucky The plea supplements only contain one type of information They're basically binary It's either a cooperator or not cooperator As the general order states this is information that could have previously perhaps been included in a plea agreement and now it's taken out made into its own document that identifies whether someone is a cooperator or not There is ample authority that indicates identifying someone as a cooperator can create a danger to that person a danger to their family even potentially a danger to law enforcement who have to protect them So the logic of protecting their safety says that the First Amendment right of access should not apply Additionally the First Amendment right of access did apply and public access was granted to this information about whether someone was a cooperator It would discourage people from being cooperators and from providing necessary information to the government Another precedent in the Sixth Circuit in looking at objections to the PSR some of the very reasons that would apply to identifying whether a defendant is a cooperator were used to say that objections to the PSR are not documents What did the plea supplement procedure get started? In 2010 in the Western District but I believe that it was utilized by some other districts nationwide before that And was it in response to court decisions holding that plea agreements were not confidential? No Dejarnet in the Sixth Circuit came after that but I do believe that there were some there were some cases from other circuits that did say that plea agreements were subject to the I'm just trying to understand why this procedure got started in the first place It sounds like to me it got started to get around that decision that plea agreements were not under seal I think that there was a factor not just related to the fact that perhaps the first amendment right of access would apply to lots of material that is in a plea agreement but just the idea that whether someone is a cooperator or not is something that's easily segregated from a plea agreement It might not It would seem to me that probably it arose out of concerns about retaliatory action against individuals who cooperated Is there any indication that that is what was the concern was? I mean that would be the first thing that would come to my mind Yes Yes your honor and I think that is a thread that is in both our brief and the interviewer's brief that as plea agreements and other documents were more readily available on PACER there was this concern about everyone being able to get them people being easily identified as cooperators and there being retaliation As we try to point out in our brief the cooperation agreements while they may have existed in concept since the advent of plea agreements literally became yeah but let's ask about when that happened right so the advent of I mean yes maybe plea bargaining has been going on in the shadows since the founding of the republic I don't know but what I do know is that plea bargaining out in the open is something that we talked about as a part of the criminal justice system didn't happen until the 1970s right so let's talk about that experience test like when do you think the supreme court in press enterprises says it has to be you know something that has long experience long tradition normally when the court talks about that kind of thing they're talking about either the founding or maybe they're talking about the time of the 14th amendment because here we have both a federal and a state interest I'm not sure which time period to look at but either way we didn't talk about plea bargaining as a part of like a routinized part of the criminal justice system until the 1970s so if that is true do you think that the claim just fails well plea bargaining would affect plea agreements as a whole and the sixth circuit has already said this argument is going to be a plea bargaining encompasses everything which includes a cooperation agreement so it's all part of one thing we would say it's not all part of one thing a plea agreement is a defendant's agreement to plead guilty to charges and turn for certain concessions and a cooperation agreement is a defendant's agreement to provide cooperation regarding certain criminal investigations and the government making concessions so they are easily distinguishable and in our district they are two separate documents and when the Sentencing Reform Act was passed in the 80's and enacted in 1987 that enacted 5k1.1 and that sort of changed the framework for cooperation before then sure maybe someone would testify or be a witness in hopes of immunity or getting a lesser charge but 5k1.1 involved the court in that procedure because the United States had to make a motion and then the motion being ruled on by the court valuing the cooperation so we would say that the earliest that our current form of cooperation agreements began or documents relating to 5k1.1 began would be 87 and that brings it to an even more recent time period than Judge Larson's question did correct?  and you know from day one when that's enacted people aren't going to know right off the bat how to best handle that but as the 2016 CACM report that's cited by both intervenors council and by the United States illustrates just 20 years after that many I'm sorry just no more than 20 years after that but many districts are treating the information relating to cooperation as confidential and that is both a factor in the increase in cooperation agreements because of 5k1.1 and the formalization of them but then also as things become more available on PACER so there isn't a very extensive history for cooperation agreements as they are used in the western district of Kentucky or as they are currently conceptualized I think nationwide in a guideline system but there is there an assigned burden of proof on the experience fog? So I couldn't find a nice neat case site that says whose burden it is but I believe the way it is treated in press enterprises and in most cases is that the party that is seeking access to the document has to prove the  and experience and then if history and experience are proven then the party seeking ceiling would have to prove narrow tailoring overwriting interest. So the logic so under that analysis the plaintiff would have the burden of proof on experience and the government would have the burden of proof on logic? No, no, no. The plaintiff would the person seeking access the intervenors in this case would have the  on both logic and experience but then if there is a First Amendment right and we meet that burden then we would have the burden of showing there is an overwriting interest and ceiling I wish that the overwriting interest was the logic but maybe more than that. That is sort of part of our argument because what happened here is basically the cooperation used to be part of the play agreement or if it was included at all it was part  of the play agreement   overwriting interest and the  and taking this out protects that but if you look at it as a separate document the fact that there is this overwriting interest back to the experience what is the earliest proof of any access of plaintiffs to plea supplements or to cooperation information is presumably there is some case law out there saying that they have a right of access Well some of the cases I can't point to something that says this is So you can't find any instance where there    Well there are cases that are cited that indicate that cooperation agreement was sealed at one point then unsealed or something along those lines but in terms of A back lock history maybe Most of those cases from the 1990s I remember a D.C. case I think there is a span One of the cases cited by intervenors counsel Bacon in the 10th circuit that didn't straight out  the plea supplement it just remanded the plea supplement and remanded the sealing back to the district court for further consideration but I  think   was a common law rate of access and I take it no side neither party has produced any evidence prior to the 1980s at least that would show a right of access to whether or not a defendant cooperated with the government       correct your honor we don't think that exists and we are interpreting the first amendment which was 1787 or 1791 excuse me  yes your  okay got it do you have       say no we are not contesting their standing I agree that there was a sufficient downstream consequence under trans union for the plaintiffs here I was sort of    surprised that the government didn't make that  I'll be honest I'm not sure I understand okay so Brady says you get the information in time to make use of it at trial so I could hand you the cooperator agreement at trial from the  state         and comply with my Brady obligations he's saying I want the information sooner maybe that's sufficient to give him standing and a right of access to this cooperator or this cooperation addendum or non cooperation addendum and the federal government does not have an  to under Brady in a state prosecution however there are other means as you alluded to through which he    possession or in what circumstances would the United States make an agreement with a federal defendant saying federal defendant you are going to make a 5k 1.1 motion on your behalf in exchange you're going to testify in this state trial and the  prosecutors would not tell the state prosecutors oh by the way here's your witness we completely agree with obviously we take no position as to what any cooperation so the state prosecutors then have the information and they have a Brady obligation      so he'll get the information yes okay thank you this court to briefly address the court's questioning regarding the experience problem yes there's a dearth of case law pre 1980 regarding the openness of plea agreements but as the court alluded to in its earlier questioning plea agreements and plea bargaining wasn't a open and notorious part of the system prior pre early 1970s so why doesn't that just defeat your claim entirely absolutely not your honor I point the court to Detroit Free Press versus Ashcroft this court's prior decision in which this court's INS regulations presumptively opening immigration proceedings was sufficient where the logic prong was particularly strong also this court's case in NBC versus Presser 60 years of case law was sufficient there is no longer a need either with the Supreme Court or this circuit   feel like we're going to take that argument to this to the U.S. Supreme Court and say evolving traditions evolving standards of the first I mean I just said huh virtually every circuit that has looked at this and applied the first amendment right of  to documents in relation to criminal proceedings has ultimately put the thumb on the scale of logic as opposed to experience particularly because I mean that's interesting so maybe what you're saying is logic is really what matters and the case law says experience is secondary some circuits have indicated and what we've pointed out to the court the second circuit has adopted a supplemental test to the experience and logic where it looks at whether the documents are derived from or necessary corollary to the open proceeding and as far as getting back to the point regarding evidence it is the plaintiff's burden to establish the experience as we've cited. Can I just go back to logic and experience? So basically what you're saying is there is a first amendment right if we the judges think it would make sense for there to be a first amendment right? Well first off the Supreme      trial has largely been supplanted by plea bargaining and plea agreements. It's our I mean that's LaFleur versus Cooper and I understand the logic. The logic is the new way we do things is plea bargaining the old way we did things was jury trial but you're asking us to interpret the first amendment which attaches to the old way of doing things. I mean right? It's self-defeating. I'm out of time if I may respond. The Supreme Court I will point the court to the   Court's decision in Globe Newspapers. In Globe Newspapers there was a history of closure with respect to minor victims of sexual assault testimony at trial. The state law there was a long history of excluding the public from that. The U.S. Supreme Court in Globe Newspapers found that that history of exclusion was insufficient. There was nonetheless the experience problem was met because it was in the context of the criminal proceeding itself. That was a subspecies and that goes back to Detroit Free Press versus Ashcroft. Thank you Iris. That concludes our arguments for the morning and you may now adjourn court.